**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEONARDO GOMEZ,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:CV-17-2047** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **JOHN DOE,** *et al.,* | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I. Introduction**

Presently before the Court is motion to dismiss Mr. Gomez's Complaint filed by the Pennsylvania Department of Corrections Defendant, Dorina Varner. (ECF No. 3.)

For the reasons that follow, the motion will be granted and Mr. Gomez will be afforded the opportunity to file an amended complaint.

**II. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id.* A

defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must " 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (*per curiam*) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 - 50, 173 L.Ed.2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the

inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1973, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. at 1950.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir.

1998), or credit a complaint's " 'bald assertions' " or " 'legal conclusions,' " *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

### III. Background

#### A. Procedural History

On October 6, 2017, Leonardo Gomez, a prisoner housed by the Pennsylvania Department of Corrections (DOC) at the Dallas State Correctional Institution (SCI-Dallas) in Dallas, Pennsylvania, filed his Complaint with the Court of Common Pleas of Cumberland County, Pennsylvania alleging that the Defendants violated his Constitutional rights under the First Amendment through the Civil Rights Act, 42 U.S.C. § 1983. Named as Defendants are Dorina Varner and several John Does. (ECF No. 1-1, Compl.)

On November 8, 2017, Defendant Varner removed the action to federal court. (ECF No. 1, Notice of Removal). Defendant Varner then filed a motion to dismiss the Complaint on November 13, 2017. (ECF No. 3.) To date, Mr. Gomez has failed to respond to Defendant Varner's motion.

#### B. Facts

The well-pleaded facts as set forth in Plaintiff's Complaint (ECF No. 1-1) are as follows:

On March 4, 2017, Mr. Gomez, a Delaware state inmate, was transferred to the PA DOC pursuant to the Interstate Corrections Compact. (*Id*., p. 4.) Prior to his

4

transfer, Mr. Gomez's property was inventoried and packed by Delaware prison officials. (*Id.*, pp. 4, 18 – 23.) Delaware officials advised Mr. Gomez that his personal and legal property would be shipped once transferred. (*Id.*, p. 4.)

Upon his arrival at SCI-Camp Hill, Mr. Gomez was placed in the Restricted Housing Unit (RHU) and did not have access to his property. Eighteen days later, on March 22, 2017, Mr. Gomez was transferred to SCI-Dallas. Again, he was placed in the RHU and denied access to his property. In response to questioning as to the location of his property, SCI-Dallas staff assured Mr. Gomez that it was at SCI-Camp Hill and would be shipped to SCI-Dallas. (*Id.*)

A week later, upon inquiring as to the status of his property, Major White advised Mr. Gomez that he must be patient and that the facility was working on getting him his property. A week later, after inquiring as to where his property was, Major White advised Plaintiff that "[w]e've just received it [and] [i]t will be issued shortly." (*Id.*, p. 27.)

When Mr. Gomez was escorted by officials to inventory his property, he was presented with "one small storage box". (*Id.*, p. 5.) When he asked where the rest of his property was, he was told that SCI-Dallas officials had presented him with everything they received from SCI-Camp Hill. (*Id.*) Given Mr. Gomez's comments of lost property, Major White stated she would contact SCI-Camp Hill in an attempt to resolve the issue.

Mr. Gomez filed a grievance on April 27, 2017 concerning the loss of his property. In that grievance Mr. Gomez alleged that he was being treated unfairly

because he is an out of state inmate. (*Id*., pp. 5 and 34.) On May 12, 2017, after failing to receive a response to his grievance, Mr. Gomez wrote to Dorina Varner, Chief Grievance officer asking for a grievance response. (*Id.*, pp. 5 and 36.) Ms. Varner replied that she had "no record" of him filing a grievance. (*Id*., p. 5.) Mr. Gomez filed a grievance on May 20, 2017. (*Id.*, pp. 7 and 39.)

At some point in time Ms. Varner undertook an investigation concerning Mr. Gomez's lost property. She learned that that his property was shipped from Delaware to SCI-Camp Hill. However, because Mr. Gomez was not at SCI-Camp Hill when his property arrived, SCI-Camp Hill officials forwarded it to SCI-Dallas. However, instead of shipping it to SCI-Dallas, the U.S. Postal Service returned it to Delaware officials who refused to accept it. The U.S. Postal Service then forwarded it to New Jersey and later Atlanta, Georgia, where it was placed "in what the US Postal Service calls 'dead files'" and destroyed. (*Id*., p. 37.) Ms. Varner concluded that the U.S. Postal Service was the last entity to possess Mr. Gomez's property. Again noting that Mr. Gomez had not file a grievance on the matter, but finding that the PA DOC had Mr. Gomez's property at one time, Ms. Varner offered Mr. Gomez $608.49 to resolve the issue of his lost property. (*Id*.)

On June 23, 2017, Mr. Gomez filed a grievance disputing the proposed property settlement. (*Id*., pp. 41 – 42.) Mr. Gomez disputes the proposed resolution of his property claim because it "ignores" the value of his lost legal property "which is more important" than his personal property. (*Id.*, pp. 7, 41 - 42.) Mr. Gomez believes the DOC should also cover the actual costs he will incur to secure

additional copies of documents necessary to challenge his criminal conviction. (*Id.*, p. 42.) In July 2017, Mr. Gomez was advised that his grievance was denied and that any appeal would be denied as untimely. (*Id.*, p. 7.) Plaintiff argues that when he arrived at the PA DOC he was immediately placed in "punitive segregation" and not provided any information concerning the PA DOC's grievance policy.

Mr. Gomez raises the following legal claims in his Complaint: (1) his property was lost due to the negligence of prison officials when shipping his property from SCI-Camp Hill to SCI-Dallas; (2) Defendants' actions have interfered with his ability to file an adequate motion to challenge the loss of his statutory good time credit[1] and his criminal conviction; and (3) Defendants lost Plaintiff's property in retaliation for the death of a corrections officer during the recent Delaware Department of Corrections riots. (*Id.*, pp. 7 - 9.)

## IV. Discussion

### A. Ms. Varner's Motion to Dismiss

The sole named Defendant is Dorina Varner, the PA DOC's Chief Grievance Officer. Defendant Varner seeks dismissal of the Complaint due to Mr. Gomez's failure to state a claim upon which relief can be granted against her. Upon reviewing the Complaint and its attachments, the Court agrees.

---

[1] On January 28, 2016, Judge Carpenter, Jr., of the Superior Court of the State of Delaware, denied Mr. Gomez's request regarding the loss of good time credit while housed by the Delaware DOC. (*Id.*, p. 48.)

To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States. *Rehberg v. Paulk*, U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).

To establish liability for the deprivation of a constitutional right, an individual government defendant must have personal involvement in the alleged wrongs; liability cannot be predicated based on the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. I.C.E.*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot

be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).

Here, Mr. Gomez does not allege that Ms. Varner had any contemporaneous personal knowledge of Mr. Gomez's property arriving at SCI-Camp Hill, or participated in the decision, or act, of forwarding it to SCI-Dallas. The allegations of the Complaint, as well as the numerous documents attached to it, demonstrate that Ms. Varner's involvement is limited to events occurring *after* the loss of Mr. Gomez's property. Her role was limited to responding to his grievance inquiry, and then later offering him a monetary settlement for the loss of his personal and legal property. Based on the allegations of the Complaint and documents attached to it, Plaintiff fails to state a claim against Ms. Varner. Accordingly, all claims against Ms. Varner will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Remaining John Doe Defendants

Given the Court's dismissal of Ms. Varner, only unnamed John Doe Defendants remain. While Mr. Gomez may name John Doe Defendants, this matter cannot proceed unless a specific person is named against whom a valid claim has been alleged. *See Guarneri v. Buckeye Pipe Line Servs. Co.*, 205 F. Supp. 3d 606, 619 (D.N.J. 2016). Therefore, Mr. Gomez has thirty (30) days to file an amended complaint properly identifying the John Doe defendants. If Mr. Gomez fails to do so, his Complaint will be dismissed.

If Mr. Gomez elects to file an amended complaint, he is advised that he must clearly designate on the face of the document that it is the "Amended Complaint," and it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the [amended] complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Gomez is advised that any amended complaint supersedes his original complaint. The amended complaint must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the complaint which were not dismissed with prejudice and are not alleged in the amended complaint, are waived.

Mr. Gomez is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. He must also specify the relief he seeks.

Mr. Gomez's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**V.     Conclusion**

For the reasons set forth above, Mr. Gomez's claims against Ms. Varner will be dismissed for failure to state a claim upon which relief may be granted.  Based on the allegations of the Complaint and documents attached to it which detail Ms. Varner's involvement with great specificity, the Court will not grant Mr. Gomez further opportunity to amend as to this Defendant as doing so would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012)(nonprecedential).  However, Mr. Gomez will be granted thirty days to file an amended complaint identifying the John Doe Defendants and their actions which violated his constitutional rights.

An appropriate order follows.

**Date:  December 19, 2017**            /s/ A. Richard Caputo
                                                         **A. RICHARD CAPUTO**
                                                         **United States District Judge**