# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONARDO GOMEZ,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:17-CV-2047** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **JOHN DOE,** *et al.,* : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I.   Introduction

Presently before the Court are several motions filed by *pro se* Plaintiff Leonardo Gomez: (1) motion for extension of time to oppose Defendant Varner's motion to dismiss (ECF No. 10); (2) motion to remand (ECF No. 16); and (3) two motions to file an amended complaint (ECF Nos. 14 and 17).

For the reasons that follow, the Court will deny Mr. Gomez's motion for enlargement of time to oppose Defendant Varner's motion to dismiss as well as his motion to remand. However, the Court will grant his requests to file an amended complaint.

## II. Background

On October 6, 2017, Leonard Gomez, a prisoner housed by the Pennsylvania Department of Corrections (DOC) at the Dallas State Correctional Institution (SCI-Dallas) in Dallas, Pennsylvania, filed his civil rights complaint with the Court of Common Pleas, Cumberland County. (ECF No. 1-1, Compl.) He names various John Doe Pennsylvania Department of Corrections (DOC) employees employed at SCI-Camp Hill and DOC's Chief Grievance Officer, Dorina Varner, as Defendants.

Mr. Gomez, a Delaware state inmate, was transferred to the PA DOC pursuant to the Interstate Corrections Compact on March 4, 2017. Delaware officials shipped Mr. Gomez's personal and legal property to SCI-Camp Hill. Mr. Gomez claims SCI-Camp Hill prison staff mishandled his personal and legal property in retaliation due to his possible participation in a February 2017 riot at the James T. Vaughn Correctional Center in Delaware where one officer lost his life and two others were injured. Specifically, Mr. Gomez claims the Defendants were "negligent" in their handling of his legal and personal property from Delaware which resulted in its loss. (*Id*.) He asserts he was denied access-to-the-courts due to the deprivation of his legal property. (*Id*. at p. 8) ("Access to the Court" claims). Finally, he claims Defendants retaliated against him because it was reported that he came from a Delaware prison facility where a riot took place and a Corrections Officer was killed. (*Id*., pp. 9 – 10.)

On November 8, 2017, Defendant Varner, the sole named Defendant, removed Mr. Gomez's action to federal court. (ECF No. 1, Notice of Removal.)

2

Defendant Varner filed a motion to dismiss the Complaint and a supporting brief on November 13, 2017 based on her lack of personal involvement in the alleged deprivation of his property. (ECF Nos. 3 – 4.) A copy of the Court's Standing Practice Order was sent to Plaintiff on December 5, 2017. (ECF No. 6.)

On December 19, 2017, the Court granted Defendant Varner's motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF Nos. 7 – 8.) Mr. Gomez was granted thirty days to file an amended complaint naming his John Doe Defendants. (*Id*.)

On December 27, 2017, Mr. Gomez forwarded several motions and requests for discovery that he states were submitted to, and rejected by, the Cumberland County Court based on Defendant Varner's removal of his action to federal court. (ECF No. 9-1, Pl's Ltr.) Plaintiff asserts he "was never given 'notice' that [his] case was transferred to the 'Middle District Court'."[1] (*Id*.) Mr. Gomez also claims to have filed an amended complaint; however, neither the county nor federal court docket confirms his statement. (ECF No. 5, Cumberland Cty Ct. Dkt. Sheet, pp. 1 – 3.)

Mr. Gomez has filed a motion for enlargement of time to file a response to the motion to dismiss due to his limited access to a law library due to his Restricted Housing Unit (RHU) placement and recent submission of discovery to learn the name of the John Doe Defendants. (ECF No. 10.) He also opposes Defendant's removal of his action to federal court. (ECF No. 9 and 16.) Plaintiff claims he has

---

[1] Mr. Gomez does not dispute that he was served with Defendants Varner's motion to dismiss and supporting brief which bears the case's Middle District Caption and docket number and recites the procedural history of his case, including its removal to this district. Likewise, he does not dispute receiving this Court's Standing Practice Order.

3

not asserted any claims over which this Court has original jurisdiction. (ECF No. 16.) He argues that his "complaint arise[s] entirely under state tort law, which includes negligent handling of inmate property, legal basis for state claims." (*Id*.) Yet, Plaintiff in an earlier document he filed with the Court Mr. Gomez states that "[t]his matter involved (sic) mostly property, *with the exception of the first Amendment claim denial access to the court*" and objects to removal on the basis that Pennsylvania state courts have exclusive jurisdiction over his property claim. (ECF No. 11, ¶ 4 and ¶ 7)(emphasis added).

Mr. Gomez's two motions for an enlargement to file his amended complaint are based on his desire to pose discovery to learn the names of those involved in the handling of his property at SCI-Camp Hill. (ECF Nos. 14 and 17.)

### III. Discussion

#### A. Plaintiff's Motion to Remand

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). In other words, removal is proper if the plaintiff's case originally could have been filed in federal court. *See Caterpiller, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a defendant is entitled to remove from state court to the appropriate federal district court any civil action over which district courts have original jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a), a plaintiff may seek to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter

jurisdiction or (2) a defect in the removal procedure." *PAS v. Traveleres Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on lack of subject matter jurisdiction may be filed at any time before final judgment whereas a motion to remand based on a defect in the removal procedure must be filed within thirty days after the notice of removal is filed. 28 U.S.C. § 1447(c). On a motion to remand, the party asserting federal jurisdiction bears the burden of establishing that the action is properly before the court. *Samuel-Bassett v. KIA Motors AM., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). As federal courts are of limited jurisdiction, removal statutes are construed strictly against removal, with all doubts resolved in favor of remand. *Id.*; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

This Court has subject matter jurisdiction over this matter if a federal question is present or the case involves citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. *See* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a) (diversity jurisdiction). Here, Mr. Gomez raises both state (negligent loss of property) and federal (retaliation and access-to-courts) claims in his Complaint. (ECF No. 1-1, Compl.) Accordingly, Defendant Varner's removal of this action is proper as this court has original jurisdiction over Plaintiff's federal claims and can assert supplemental jurisdiction over his state court claims.

To the extent Mr. Gomez claims a procedural defect in the removal process, even if his claim of lack of notice of the removal were supported, he has suffered no

prejudice as he was alerted to the removal of his action to this court upon his receipt of Defendant Varner's motion to dismiss.

Pursuant to 28 U.S.C. § 1441(a) Defendant Varner, the sole named Defendant in this action, within thirty days of service of the Complaint, filed a notice of removal in this Court. Defendant, in compliance with 28 U.S.C. § 1446(d), served Mr. Gomez with a Notice of Removal. (ECF No, 1, p. 4.) Although Mr. Gomez claims he did not receive notice of the petition for removal, he does not assert that he did not receive Defendant's motion to dismiss and supporting brief. Both of these documents (ECF Nos. 3 and 4) bear this Court's caption. Additionally, Defendant's brief (ECF No. 4) sets forth the case's procedural history, including statements concerning the removal of the action from state court to federal court. *See Id.*, p. 2. Notably Defendant's motion was filed five days after she removed the case to federal court. More than thirty days passed from the date of removal, and the filing of Defendant's motion to dismiss, before the Court addressed Defendant's motion on December 19, 2017. *See* ECF Nos. 7 and 8. The docket in this matter reveals that Defendant Varner served Plaintiff with the notice of removal and, if for some reason he did not receive the notice, Mr. Gomez was advised of the removal five days later when served with the brief in support of Defendant's motion to dismiss. Mr. Gomez would have learned of the removal of his case to this Court and had sufficient time to file a proper motion to remand to challenge the removal. Nonetheless, addressing Mr. Gomez's motion to remand and his argument that he has not filed a federal claim over which this Court has original jurisdiction, his own filings defeat this

argument. Mr. Gomez has clearly asserted a First Amendment access-to-courts claim based on Defendants loss of his legal property. However, Mr. Gomez has the option of dropping his First Amendment (federal) claims when drafting his amended complaint if he seeks to divest this Court of jurisdiction over his property (state) claim. At that point, the Court would remand the matter back to the state court due to lack of federal subject matter jurisdiction. Based on the above, the Court will deny Mr. Gomez's motion to remand.

### B. Plaintiff's Motion for Enlargement of Time to Oppose Defendant Varner's Motion to Dismiss

Mr. Gomez's motion for enlargement of time (ECF No. 10) to file a brief in opposition to Defendant Varner's motion to dismiss will be denied as the Court has already adjudicated Defendant Varner's motion to dismiss. *See* ECF Nos. 7 and 8. Moreover, as noted above, Mr. Gomez was served with Defendant's motion and had the opportunity to respond. To ensure that Mr. Gomez was aware of his opportunity to respond, the Court served him with a copy of our Standard Practice Order which outlines a party's pretrial motion filing obligations. Mr. Gomez failed to timely oppose the motion or seek an enlargement of time to do so. At this point Mr. Gomez may file a properly supported motion for reconsideration if desired.

### C. Plaintiff's Motions to File an Amended Complaint

Upon examination of the Complaint and the forty-plus pages of documentation attached to it, the Court granted Defendant Varner's motion to

dismiss and dismissed all claims against her with prejudice.  *See* ECF Nos. 7 and 8. As Ms. Varner was the sole identified Defendant, the Court granted Mr. Gomez thirty days to file an amended complaint.  (*Id.*)  Thus, to the extent Mr. Gomez seeks additional time to file an amended complaint; his motions (ECF Nos. 14 and 17) will be granted.

Plaintiff's motion to file an amended complaint is based in part on his need to pose discovery to learn the identity of his John Doe Defendants.  Although Mr. Gomez has improperly filed his discovery requests with the Court,[2] it is unclear whether he has properly served the discovery on defense counsel.  *See* ECF Nos. 12 and 13.  Accordingly, the Court will grant Mr. Gomez a forty-five-day enlargement of time to file his amended complaint.  Plaintiff's failure to file a timely amended complaint will result in this action being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons previously set forth in the Court's Memorandum and Order addressing Defendant Varner's motion to dismiss.  *See* ECF Nos. 7 and 8.  If

An appropriate order will follow.

**Date:  January 29, 2018**              /s/ A. Richard Caputo
                                                     **A. RICHARD CAPUTO**
                                                     **United States District Judge**

---

[2] The filing of discovery requests and responses with the Court is prohibited, except in connection with pretrial motions, trial, or ordered by the court.  See Fed. R. Civ. P. 5(d)(1). As such, the Court will strike documents 12 and 13 from the docket and direct the Clerk of Court to return them to Mr. Gomez.

8